IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CURTIS HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-491 (MTT) |
| | ) |
| RIVERBEND CORRECTIONAL FACILITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pro se Plaintiff Curtis Hunter, who is proceeding in forma pauperis, moved for reconsideration of the Court's Order screening his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Doc. 8.  After that motion was filed, Hunter filed an amended complaint.  Doc. 9.  The Court construes the amended complaint to supersede the original complaint and, pursuant to 28 U.S.C. § 1915(e)(2)(B), screens the amended complaint for frivolity.[1]  Hunter's motion for reconsideration of the Court's Order screening the superseded complaint (Doc. 8) is **DENIED** as moot.

The amended complaint is based on the same events as the original complaint: Hunter alleges he injured his knee by slipping and falling in the bathroom during a fight

---

[1] An amended complaint generally supersedes the original complaint.  *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982).  For pro se pleadings, the Court sometimes construes the amended and original complaints together, either when the amended complaint refers to the original complaint or when it is clear that the amended complaint is only intended as a supplement to the original.  Here, however, it is clear that the amended complaint is intended to set out all of Hunter's claims and the factual bases for those claims.  Accordingly, the Court construes it as superseding the original complaint.

between different groups of inmates in a dormitory.  Doc. 9 at 3-5.  He also alleges he received inadequate treatment for his knee injury.  *Id*. at 5-7.

Hunter alleges that Defendant Riverbend Correctional Facility is responsible for building defects resulting in water on the floor and staffing and policy defects in failing to keep the dormitory safe.  *Id*. at 9.  The Court dismissed the claim against Riverbend Correctional Facility because it found Riverbend was not an entity subject to suit.  The motion for reconsideration admits that "a Prison or Jail is not a person" but argues that "a private corporation operating a prison or providing services to prisons is treated like a city or county government under § 1983."  Doc. 8 at 1-2.  In the amended complaint, Hunter alleges that "Riverbend Correctional Facility is under contractual agreement with the State of Georgia."  Doc. 9 at 1.  Construed liberally, Hunter alleges that Riverbend Correctional Facility is a private corporation. At the screening stage, the Court takes the complaint's allegations as true.  That claim may proceed for further factual development.[2]

He also alleges that Defendant Lieutenant Morris was responsible for the safety of the dormitory at the time of the fight.  He brings claims against Morris in his individual and official capacities.  *Id*. at 2.  However, as discussed in the Court's Order screening the original complaint, Hunter only seeks damages, and Morris in his official capacity is immune from damages.  Accordingly, only the individual-capacity claim against Morris shall proceed for further factual development.

He also brings claims against "Riverbend Medical Department."  As the Court noted in its prior order, Riverbend Medical Department is not an entity subject to suit.

---

[2] The Defendants filed a motion to dismiss, stating that Riverbend is not a private corporation but is operated by The GEO Group, Inc.  Doc. 14-1 at 3.  That motion is not yet ripe.

Doc. 4 at 5.  Nothing in Hunter's motion for reconsideration or amended complaint alters that conclusion.  Accordingly, the claims against Riverbend Medical Department are frivolous.

Hunter also alleges that his knee injury required medical treatment, but that treatment was delayed. He alleges that Defendant Tammy Bailey, Riverbend's medical director, was responsible for all lapses in medical care that happened at Riverbend, including medical staff's allegedly delayed and inadequate care for his knee injury.  But "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation marks and citations omitted).  "A causal connection may be established when: 1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (quotation marks and citation omitted).  Hunter does not allege facts indicating that Defendant Bailey personally participated in the alleged deprivation of medical treatment or that she was causally connected to it.  The only allegation concerning Bailey is that on October 20, 2017, she made him an

appointment for the following day, October 21, 2017, when he was seen by a physician's assistant.  Doc. 9 at 5.  But there are no allegations suggesting she was aware he had a serious medical need which was not receiving adequate treatment.  Hunter also alleges, vaguely, that Bailey failed "to utilize Provision to assure the Plaintiff receive proper medical attention to his serious medical needs after he is released with arranging therapy and orthopedic surgeon to examine knee, and medical knee brace."  *Id.* at 9.  But again, he fails to allege facts indicating Bailey personally participated in or was causally connected to any deprivation of medical treatment.  Accordingly, the complaint fails to state a claim against Defendant Bailey.

Hunter also brings constitutional claims against Defendant Niergarth in his individual and official capacities, alleging he was deliberately indifferent to Hunter's serious medical needs when he advised against performing a knee replacement, did not give Hunter a knee brace, and did not refer Hunter for a second opinion.  The official-capacity claim is frivolous because Niergarth, in his official capacity, is immune from damages, for the reasons discussed above.[3]  The individual claim may proceed for further factual development.

The complaint also purports to bring claims against an unnamed medical nurse.  *Id.* at 3.  As the Court noted in its Order screening the original complaint, "[a]s a general matter, fictitious party pleading is not permitted in federal court."  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted); *see* Doc. 4 at 5.

---

[3] The more appropriate reason to dismiss the claim may be that Niergarth is not a state employee and does not have an "official capacity" is any meaningful sense.  For example, it is doubtful that Niergarth would be a proper defendant in a suit for injunctive relief.  But to the extent he is subject to suit in his official capacity, it is clear he is immune from damages.

Finally, the amended complaint clarifies that Hunter seeks relief only under 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth[4] amendments to the United States Constitution.  Accordingly, the Court interprets the amended complaint to withdraw Hunter's negligence claims under state law.  If Hunter does not intend to withdraw those claims, he should notify the Court and file a third amended complaint incorporating all claims he intends to pursue.

After screening, the claims against Riverbend Correctional Facility for deliberate indifference to inmates' safety and deliberate indifference to serious medical needs shall proceed for further factual development. The Court **ORDERS** service on Defendant Riverbend Correctional Facility by the United States Marshal Service.  If Riverbend Correctional Facility is not a suable entity, that will be addressed along with the Defendants' motion to dismiss.  If, as the Defendants assert, The GEO Group, Inc., is the correct corporate entity, Hunter may move to amend, and the Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

The claims against all individual Defendants in their official capacities, against Riverbend Medical Department, against Bailey, and against the unnamed nurse are **DISMISSED** without prejudice.  The only remaining claims are the Eighth Amendment claims against Defendant Riverbend Correctional Facility for deliberate indifference to inmate safety and deliberate indifference to serious medical needs; against Defendant Morris in his individual capacity for deliberate indifference to inmate safety; and against

---

[4] The complaint does not raise an equal protection or due process claim.  It implicates the Fourteenth Amendment only to the extent that the Eighth Amendment claims are brought against state governmental actors.  *See Tharpe v. Warden*, 834 F.3d 1323, 1345 n.6 (11th Cir. 2016) ("the Eighth Amendment's protections against cruel and unusual punishment have been incorporated against the States through the Fourteenth Amendment.").  But the complaint does not raise any Fourteenth Amendment claims independent of the Eighth Amendment ones.

Defendant Niergarth in his individual capacity for deliberate indifference to serious medical needs.

    **SO ORDERED**, this 22nd day of April, 2020.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
