IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CURTIS HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-491 (MTT) |
| | ) |
| RIVERBEND CORRECTIONAL FACILITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court granted pro se Plaintiff Curtis Hunter's motion to proceed in forma pauperis and screened his complaint as required by 28 U.S.C. § 1915(e).  Defendants Steven Niergarth and Riverbend Correctional Facility moved to dismiss Hunter's claims against them.  Docs. 14; 21.  While those motions were pending, Hunter filed a motion to amend his complaint.  The pending motions implicate several issues.

**A. Putative negligence claims**

In its screening order, the Court construed Hunter's complaint to assert claims under both 42 U.S.C. § 1983 and Georgia negligence law.  Doc. 4 at 2-6.  Hunter then filed his first amended complaint, which clarified that Hunter sought relief only under 42 U.S.C. § 1983.  *See* Doc. 15 at 5.  Accordingly, the negligence claims were withdrawn. In an abundance of caution, the Court notified Hunter that if he intended to pursue negligence claims, he should notify the Court and file a second[1] amended complaint "incorporating all claims he intends to pursue."  *Id.*

---

[1] In the order, the Court mistakenly referred to a "third amended complaint," but there had only been one amended complaint filed at the time.  Doc. 15 at 5.  Hunter's proposed amended complaint here (Doc. 30) is actually his second amended complaint.

Hunter filed a brief letter stating "that it is NOT Plaintiff intent to withdraw his negligence claim against the Defendants under state law." Doc. 28 at 1. He also stated he "wishes to file an amended complaint incorporating all claims he wishes to pursue[.]" *Id*. The Court ordered Hunter to file a proposed amended complaint. Doc. 29 at 1. And it ordered that "[i]f Hunter asserts state law negligence claims in that amended complaint, he shall describe his attempts to comply with any applicable ante litem notice requirements." *Id*.

That same day, Hunter filed a proposed amended complaint. That complaint does not include any state-law negligence claims. Nor does it describe any attempts to comply with Georgia's ante litem notice provision.[2] The complaint clearly states that "[t]his is a 42 U.S.C. § 1983 civil rights action." Doc. 30 at 1. As the Defendants argued, "Despite previously stating his intent to pursue state law negligence claims, Plaintiff does not plead any such claims in his [Second] Amended Complaint." Doc. 32 at 2. The Court agrees: there are no negligence claims in the proposed amended complaint.

**B. Claims dismissed at screening**

In its screening order, the Court dismissed several claims. The claims against the individual Defendants in their official capacities were dismissed because Hunter only seeks damages. Doc. 15 at 2, 4-5. The claims against Defendant Riverbend Medical Department were dismissed because Riverbend Medical Department is not an entity subject to suit. *Id*. at 2-3. The claims against Defendant Bailey were dismissed for failure to state a claim. *Id*. at 4. The claims against an unnamed nurse were dismissed

---

[2] Because both Hunter's second amended complaint and the Court's order directing him to describe his efforts to comply with the ante litem notice requirements were filed on June 4, 2020, Hunter would not have seen the Court's order before filing the amended complaint. However, Hunter has now had ample time to respond to the Court's order and has not.

because fictitious party pleading is generally not permitted in federal court.  *Id.* at 4; *see* Doc. 4 at 5.

The amended complaint adds sufficient additional detail for the individual-capacity claim against Tammy Bailey to proceed for further development.  Doc. 30 at 3-4.  The Court's analysis of the other claims is unchanged by new allegations in the amended complaint.

### C. Motion to amend

Leave to amend should be "freely give[n] ... when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Hunter's second amended complaint changes little from his previous complaint, but the second amended complaint is clearer, more orderly, and better organized.  At this still early stage of the proceedings, amendment would not unduly prejudice the Defendants.  Further, there is no indication of undue delay or bad faith in Hunter's motion to amend.

However, as the Court noted above, the amended complaint does not change the Court's analysis in its screening order (Doc. 15) for the claims against the individual Defendants in their official capacities or the claims against Riverbend Medical Department.  Because those claims were dismissed as frivolous, amendment would be futile to the extent it seeks to assert those claims again. [3]

---

[3] The amended complaint does not attempt to state a claim against the unnamed nurse.

For those reasons, the motion to amend (Doc. 28) is **DENIED** for futility as to any claims against the individual Defendants in their official capacities or against Riverbend Medical Department, but it is **GRANTED** as to the other claims and allegations.

In its screening order, the Court dismissed the claims against Defendant Bailey because "Hunter does not allege facts indicating that Defendant Bailey personally participated in the alleged deprivation of medical treatment or that she was causally connected to it." Doc. 15 at 3. In his second amended complaint, Hunter alleges that his family members repeatedly called Bailey requesting treatment for his knee. Doc. 30 at 3. Hunter alleges that Bailey scheduled a knee examination with someone named "Meresee from Baldwin State Prison." *Id.* at 3-4. Meresee told Hunter he would schedule a doctor's appointment but never did. *Id.* at 4. Hunter alleges that on December 17, 2017, he "showed her [Bailey] how my knee moves right and left" and his "family continue[d] to call her," but he did not receive medical treatment until January 9, 2018. *Id.* The Court construes Hunter's complaint to assert a deliberate indifference to serious medical needs claim against Defendant Bailey.

Based on those new allegations, the Court cannot say that Hunter's claim against Defendant Bailey is frivolous. Accordingly, the claim against Defendant Bailey in her individual capacity may proceed for further development. The Court **ORDERS** service on Defendant Bailey by the United States Marshal Service.

**D. Pending motions to dismiss**

Before the motion to amend was filed, Defendant Niergarth moved to dismiss the claims against him for failure to state a claim (*see generally* Doc. 21-1), and Defendant Riverbend Correctional Facility moved to dismiss the claims against it for failure to state a claim (*see generally* Doc. 14-1). The allegations against Niergarth have not materially

changed.  *Compare* Doc. 9 ¶¶ 19-22 *with* Doc. 30 ¶¶ 18-21.  Nor have the allegations against Riverbend Correctional Facility.

Because the amended complaint has not materially changed or supplemented any allegations relevant to the pending motions to dismiss, the Court finds those motions are not mooted by the second amended complaint.  Rather, the Court will consider the motions as addressed to the amended complaint.  *See* 6 FED. PRAC. & Proc. Civ. § 1476 (3d ed.) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

Hunter is hereby notified that Defendants Steven Niergarth and Riverbend Correctional Facility have moved to dismiss the claims against them.  If Hunter wishes to respond, he must do so not later than **August 20, 2020**.[4]  The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing Fed. R. Civ. P. 12(b)(6)).  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

---

[4] The Court recognizes that Hunter has filed a response arguing that Defendant Niergarth's motion to dismiss was untimely filed.  See Doc. 37.  However, in an abundance of caution, the Court will allow him additional time to file a supplemental response in light of the Court's construing the motion to dismiss to apply to the second amended complaint.

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

### E. Hunter's pending "Motion to clarify the record"

Hunter also filed a "motion to clarify the record." Doc. 36. He expressed concern that his response brief to the Defendant's motion to dismiss failed to include the civil case number in the top-right corner of the document. *Id.*; *see* Doc. 37 at 1 (missing case number). Hunter requests the Court to "add the case number to the motion." Doc. 36 at 1.

Although the Court appreciates Hunter's diligence, there is no need to "clarify the record" on this point. The Clerk of Court filed Hunter's response with this lawsuit, 5:19-cv-491, and the Court and parties understand that Hunter's response (Doc. 37) is addressed to Defendant Niergarth's motion to dismiss (Doc. 21). Accordingly, Hunter's "motion to clarify the record" (Doc. 36) is **DENIED**.

**F. Conclusion**

For the reasons noted, Hunter's motion to amend (Doc. 28) is **GRANTED in part** and **DENIED in part**, Hunter's "motion to clarify the record" (Doc. 36) is **DENIED**, and the Court **ORDERS** service on Defendant Bailey by the United States Marshal Service. If Hunter files a response to the pending motion to dismiss, that response shall be filed no later than August 20, 2020.

**SO ORDERED**, this 5th day of August, 2020.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT