IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CURTIS HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>RIVERBEND CORRECTIONAL FACILITY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:19-cv-491 (MTT)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Pro se Plaintiff Curtis Hunter moves for sanctions based on the Defendants' late response to discovery requests. Doc. 71. In his brief, Hunter accused the Defendants' counsel of backdating a letter and faulted him for responding too late to a set of interrogatories and requests for production. *See generally* Doc. 71-1. On June 30, 2021, the Court held a hearing on that motion. Hunter never produced evidence that the Defendants' counsel backdated a letter. The Defendants' counsel admitted that Defendant Bailey's responses were 15 days late, but claimed the delay was not meant to impede Hunter's prosecution of this case. Doc. 72 at 2.

The specific sanctions Hunter requested were: to "strike from the Record" Bailey's responses to his interrogatories and requests for production, to prohibit evidence (he did not specify what evidence), to deem facts established (he did not specify which facts), and to deem Bailey's objections waived. But Bailey's responses are not a part of the "record" for purposes of any proceedings besides this motion, so there is no need to strike them (and, as Hunter was the one seeking discovery, it does not seem to be in his interest to "strike" those responses anyway). The requests to

deem facts established and prohibit evidence are too vague for the Court to evaluate. And for all three of those requests, Hunter does not identify any authority that allows the Court to grant that relief, nor would such relief seem justified in response to a relatively minor delay in producing responses to interrogatories and requests for production. Further, as the Defendants' counsel confirmed at the hearing, Bailey did not object to any of Hunter's interrogatories or requests for production, so there are no objections for Bailey to have waived.

At the hearing, Hunter took issue with the availability of video evidence. The Defendants' counsel confirmed that he had provided all available videos except one, but stated he was in the process of procuring and sending that one. Hunter also claimed the Defendants had failed to send him evidence from video cameras in the individual treatment rooms at the prison. The Defendants' counsel and Mr. McRae, an investigator for the GEO Group, asserted there were no video cameras in the treatment rooms. Hunter accused them of perjury.

The Court noted that Hunter had not conducted discovery on whether there were video cameras in the individual treatment rooms but ordered that Defendants' counsel file a verified statement describing what efforts had been made to locate videos and what videos are and are not available. *See* Doc. 75 at 1. Counsel provided an affidavit from Mr. McRae that confirmed that the Defendants had provided all available discovery. That affidavit included pictures of individual medical treatment rooms; those rooms did not have cameras. *See generally* Doc. 76-1.

The Court also extended discovery by more than three months so that Hunter would have adequate time to review the Defendants' production and to conduct all necessary discovery. Doc. 75 at 1.

The Court finds the Defendants' late responses were not willful or for an improper purpose and that any burden or prejudice they caused Hunter has been more than offset by the Court's Order extending discovery.  Moreover, Hunter has not shown he is entitled to any of the specific sanctions he seeks.  Nor has he shown any basis for his allegations the Defendants engaged in backdating or perjury.

For those reasons, Plaintiff Curtis Hunter's motion for sanctions (Doc. 71) is **DENIED**.

**SO ORDERED**, this 24th day of August, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
