IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CURTIS HUNTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-491 (MTT) |
| | ) |
| **RIVERBEND CORRECTIONAL FACILITY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Curtis Hunter moves for guidance on how to appeal *in forma pauperis*. Doc. 99.  Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.

> 28 U.S.C. § 1915 provides:
>
> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> …
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>  (A) shows … the party's inability to pay or to give security for fees and costs;
>  (B) claims an entitlement to redress; and
>  (C) states the issues that the party intends to present on appeal.
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis.  First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.  Hunter's initial application in this case indicates that he is unable to pay the $505 appellate filing fee.  Doc. 2.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement.  "'[G]ood faith' … must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.  *Id*.; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981).  An issue "is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).  "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis … for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

To the extent that Hunter seeks to appeal *in forma pauperis*, he must file an application that states the issues he intends to present on appeal and argue the good faith basis for doing so.

**SO ORDERED**, this 31st day of May, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
